# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs April 4, 2016

## TED COPE, ET AL. v. HAWKINS COUNTY, TENNESSEE

### Appeal from the Circuit Court for Hawkins County
No. 13CV0077      Thomas J. Wright, Judge

---

### No. E2015-01615-COA-R3-CV-FILED-MAY 25, 2016

---

Several property owners brought suit against the county for inverse condemnation when the county commission's road committee rescinded its recommendation to accept a road as a county road. The county sought dismissal for failure to state a claim upon which relief can be granted. The trial court dismissed the suit. The property owners appeal. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ANDY D. BENNETT, J., joined.

R. B. Baird, III, Rogersville, Tennessee, for the appellants, Ted Cope, Edwin Cope, and Aaron Cope.

James O. Phillips, III, Rogersville, Tennessee, for the appellee, Hawkins County, Tennessee.

### MEMORANDUM OPINION[1]

On August 27, 2010, the Hawkins County Commission Road Committee ("the Road Committee") voted to issue a recommendation approving a road known as Red

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Rock Lane and offered by Ted Cope, Edwin Cope, and Aaron Cope (collectively "Property Owners") as a county road. In 2012, Property Owners began preparing to sell the land serviced by Red Rock Lane. They soon discovered that the Hawkins County Commission ("the County Commission") never accepted the recommendation.

On March 22, 2012, the Road Committee held a meeting in which it voted to rescind the initial recommendation to approve Red Rock Lane as a county road. Property Owners filed suit against Hawkins County ("the County"), alleging that the "action . . . amounts to a 'taking' for inverse condemnation purposes." They claimed that the road had been treated as a public road following the initial recommendation, evidencing an implied ratification of the recommendation. They asserted that the reversal of the recommendation reduced the market value of their property and caused them to incur additional expenses to maintain the road. They further claimed that the March 22 meeting was "likely" held in violation of "the Tennessee Open Meeting Act for lack of notice to interested parties."

The County denied liability and any potential violation of the Tennessee Open Meeting Act. The County also filed a motion to dismiss, alleging that the complaint failed to state a cause of action upon which relief can be granted. They asserted that a "taking" of real property never occurred because the County Commission never approved Red Rock Lane as a county road. They claimed that the Road Committee merely issued a recommendation and argued that the County Commission's failure to accept the recommendation was not an implied ratification of the recommendation. Property Owners responded that dismissal was inappropriate when they clearly alleged "a 'taking' claim which is both compensable and redressable by [the trial court]."

Following a hearing, the trial court granted the County's motion to dismiss for "failure to state a claim upon which relief can be granted" pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. "A Rule 12.02(6) motion challenges 'only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence.'" *Phillips v. Montgomery Cnty.*, 442 S.W.3d 233, 237 (Tenn. 2014) (quoting *Webb v. Nashville Area Habitat for Humanity*, *Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)). "In considering a motion to dismiss, courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012). "A trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Webb*, 346 S.W.3d at 426 (internal quotation and citations omitted). The trial court's grant of the motion to dismiss is subject to a de novo review with no presumption of correctness. *Phillips*, 442 S.W.3d at 237.

Property Owners allege that the court erred in entering an order of dismissal when the complaint contained several relevant and material facts that merited consideration, e.g., the fact that Red Rock Lane had been treated like a county road and the fact that they incurred damages when the Road Committee voted to rescind the recommendation. The County responds that dismissal was appropriate when Property Owners failed to allege any legal basis that would constitute a valid cause of action.

The Tennessee Supreme Court summarized the history of inverse condemnation actions in Tennessee as follows:

> The Tennessee Constitution states that no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefor. This constitutional provision recognizes the governmental right of eminent domain. The government is prohibited, however, from taking property for private purposes and must pay just compensation when property is taken for public use. The Tennessee General Assembly has implemented this provision by its passage of eminent domain and inverse condemnation statutes.
>
> Inverse condemnation is the popular description for a cause of action brought by a property owner to recover the value of real property that has been taken for public use by a governmental defendant even though no formal condemnation proceedings under the government's power of eminent domain have been instituted. A taking of real property occurs when a governmental defendant with the power of eminent domain performs an authorized action that destroys, interrupts, or interferes with the common and necessary use of real property of another. Not every destruction or injury to property caused by governmental action, however, constitutes a taking under article I, section 21 of the Tennessee Constitution.

*Edwards v. Hallsdale-Powell Util. Dist. Knox Cnty., Tenn.*, 115 S.W.3d 461, 464-65 (Tenn. 2003) (internal citations omitted). In *Edwards*, the Supreme Court recognized two classifications of takings, physical occupation takings and nuisance-type takings. *Id.* at 465. In 2014, the Supreme Court recognized that "the Takings Clause of the United States Constitution, article I, section 21 of the Tennessee Constitution [also] encompasses regulatory takings." *Phillips*, 442 S.W.3d at 244-45.

While Property Owners may have suffered injury as a result of the County's refusal to designate Red Rock Lane as a county road, a taking of real property never

occurred.  Taking all reasonable inferences in favor of Property Owners as we are constrained to do in our review of the case, we conclude that the complaint failed to state a cause of action for which they may seek compensation under Tennessee's inverse condemnation statute, codified at Tennessee Code Annotated section 29-16-123.[2]  The judgment of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary.  Costs of the appeal are taxed equally to the appellants, Ted Cope, Edwin Cope, and Aaron Cope.

_____
JOHN W. McCLARTY, JUDGE

_____

[2] "If, however, such person or company has actually taken possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or the owner may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest."